UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-4-BO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAUL AYALA, JR. | RESPONSE TO GOVERNMENT'S<br>MOTION IN LIMINE |

Defendant Raul Ayala, Jr. hereby respectfully responds to the government's motion in limine seeking admission of certain evidence at trial. Specifically, the United States seeks to admit (1) labels of origin affixed to hard drives seized in this case; (2) the alleged "facts and circumstances" surrounding photographs attributed to Mr. Ayala; and (3) statements by L.H. to his mother. For the reasons stated below, this Court should deny the government's motion.

## ARGUMENT

### (1) The labels of origin constitute inadmissible hearsay.

The government asks this Court to admit without testimony seven hard drives bearing labels of origin from China, Thailand, and Malaysia to establish the essential jurisdictional element of the crime. The government asserts that the labels are self-authenticating and do not constitute hearsay. This is incorrect.

Even if the labels are self-authenticating, they are textbook hearsay: they are "written assertions," Fed. R. Evid. 801(a), sought to be introduced and used to prove

1

their truth, i.e., that the hard drives were manufactured in China, Thailand, and Malaysia. *See* Fed. R. Evid. 801(c); *see also United States v. Burdulis*, 753 F3d 255, 263 (1st Cir. 2014) (determining that label of origin was hearsay because it constituted "a statement made outside of court used to prove the truth of the matter asserted").

Hearsay is generally inadmissible. Fed. R. Evid. 802 ("Hearsay is not admissible" unless permitted by statute or rule). Moreover, because the government proposes to introduce such hearsay without testimony, such admission would deprive Mr. Ayala of his Sixth Amendment right to confrontation. *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004); *see also Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 (2009) (finding certificates of analysis were testimonial hearsay and subject to Confrontation Clause).

The government argues that the labels of origin are admissible under the residual exception of Rule 807. But Rule 807 is "a narrow exception" to the rule against hearsay that "should be utilized only after much consideration and examination." *United States v. Dunford*, 148 F.3d 385, 392, 394 (4th Cir. 1998). Indeed, from its inception in Rules 803(24) and 804(b)(5), the residual exception was intended to "be used very rarely, and only in exceptional circumstances." 1974 U.S.C.C.A.N 7051, 7066; *see also United States v. Thevis*, 665 F.2d 616, 629 (5th Cir. 1982) (noting that the exception should be "used only rarely, in truly exceptional cases"). A court may admit hearsay under the residual exception only upon finding that (1) the hearsay has circumstantial guarantees of trustworthiness equivalent to those of the recognized exceptions, (2) it is offered as evidence of a material fact, (3) it

is more probative than any other evidence that the proponent can reasonably obtain, and (4) admitting it will best serve the purposes of the Federal Rules of Evidence and the interests of justice. Fed. R. Evid. 807(a). "'The proponent of the statement bears a heavy burden to come forward with indicia of both trustworthiness and probative force.'" *United States v. Phillips*, 219 F.3d 404, 419 n. 23 (5th Cir. 2000) (quoting *United States v. Washington*, 323 U.S. App. D.C. 175, 106 F.3d 983, 1001-02 (D.C. Cir. 1997)).

The government fails to meet its heavy burden here—its desire to introduce an origin label on a manufactured item is hardly an "exceptional circumstance" worthy of admission under Rule 807. The government has made no showing that the labels are trustworthy, particularly where the manufacture of counterfeit labels runs rampant in countries like China. Nor has the government shown that the labels are more probative than any other evidence the government could reasonably obtain. For example, the government has made no showing that it would be impractical to have a corporate representative testify as to the origin of the hard drives, or that the government could not obtain a business record affidavit under Rule 803(6). Likewise, the government fails to show it could not offer an affidavit from a United States Customs representative showing when and where the hard drives entered the United States through the use of the "(a)(1)(A) list." (A compilation and publication mandated by section 509(a)(1)(A) of the Tariff Act, 19 U.S.C. §1509(a)(1)(A)). To be sure, even courts finding no plain error in the admission of such inscriptions have stated that it is not the preferred practice. *See, e.g., United States v. Koch*, 625 F.3d 470,481 (8th Cir.

3

2010) (noting that "the better practice may be to prove the place of manufacture through a business record"); *United States v. Clay*, 355 F.3d 1281,1286-1287 (11th Cir. 2004) (no plain error in admission of gun with inscription "Colt Mfg Company, Hartford CT" on barrel, but "prosecutors would be well advised to offer direct evidence rather than proof by inference upon which a jury could rely"). For these reasons, this Court should deny the government's motion in limine to introduce the labels of origin without testimony.

### (2) The circumstances surrounding creation of the photos is irrelevant and presents unfair prejudice.

The government seeks to introduce evidence of the facts and circumstances surrounding the creation of the photographs at issue, including alleged acts of molestation by Mr. Ayala. But as argued in Mr. Ayala's motion in limine, these facts are irrelevant in determining whether the photographs meet the definition of child pornography. Mr. Ayala acknowledges that this Court has rejected his argument. Nonetheless, he preserves his objection, including his objection to use of the *Dost* factors in determining whether the photographs constitute child pornography, which, as the government acknowledges, remains an open question in the Fourth Circuit.

In addition, evidence about the alleged molestation serves little probative purpose and will significantly inflame the passions of the jury. "When the harmful component of relevant evidence becomes unduly prejudicial, a court should exclude it from consideration by the jury. We have defined undue prejudice as 'a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence.'" *United States v. Ham*,

4

998 F.2d 1247, 1252 (4th Cir. 1993).

The Fourth Circuit has declared that "no evidence could be more inflammatory or more prejudicial than allegations of child molestation." *Ham*, 998 F.2d at 1252. That is why several circuits have excluded evidence of prior molestation from trials for child pornography. *See, e.g., United States v. Heidebur*, 122 F.3d 577, 581 (8th Cir. 1997) (excluding under Rule 403 from trial for possession of child pornography evidence that defendant molested his stepdaughter); *United States v. Hough*, 385 F.App'x 535, 537-38 (6th Cir. 2010) (excluding under Rule 403 from trial for possession of child pornography evidence of defendant's prior child molestation convictions); *United States v. Stout*, 509 F.3d 796, 800 (6th Cir. 2007) (excluding under Rule 403 from defendant's receipt of child pornography trial evidence of defendant's prior conviction for filming a 14–year–old female neighbor in the shower). These courts were properly concerned that evidence of the sexual abuse of live victims "will predominate [the] trial, not the stored still-life computer images that actually occasioned the current charges." *Stout*, 509 F.3d at 800; *accord Hough*, 385 F. App'x at 538 (noting that evidence of contact offenses "is more lurid and frankly more interesting" than the often technical evidence surrounding child pornography cases).

Even if the alleged abuse were marginally relevant—which Mr. Ayala denies—the unfair prejudice and juror confusion that will arise from the evidence of molestation the government seeks to introduce substantially outweighs its probative value. Fed. R. Evid. 403; *see also United States v. Kelly*, 510 F.3d 433, 437 (4th Cir. 2007) (noting that even if admissible under Rule 414, evidence is still "subject to Rule

5

403's balancing test" which requires that evidence "be excluded if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant"). Mr. Ayala therefore requests that this Court deny the government's motion to introduce evidence of alleged abuse by Mr. Ayala. *See Ham*, 998 F.2d at 1253 (holding district court erred in admitting evidence of child molestation relevant to the government's theory of motive where the danger of unfair prejudice outweighed the probative value of the evidence).

(3) **The hearsay statements by L.H. have little probative value and are unduly prejudicial.**

Finally, the government seeks to introduce statements by L.H. to his mother about alleged abuse by Mr. Ayala. The government asserts that these statements are not being offered for their truth, but for the limited purpose of explaining why law enforcement initiated its investigation of Mr. Ayala. But this is not an "integral" part of the story, as the government claims. *Heidebur*, 122 F.3d at 580 (rejecting government's argument that evidence of defendant's molestation was necessary to show context as to how pornographic photos were discovered). And, as argued above, what little probative value this hearsay possesses is dramatically outweighed by its prejudicial nature, as "no evidence could be more inflammatory or more prejudicial than allegations of child molestation." *Ham*, 998 F.2d at 1249. "There is a serious concern that where allegations of sexual abuse of live victims are made in a trial for child pornography charges, the evidence of contact abuse of live victims 'will predominate [the] trial, not the stored still-life computer images that actually occasioned the current charges.'" *United States v. Fenn*, 2016 U.S. Dist. LEXIS 90584,

6

at *12, 2016 WL 3690142 (E.D. Va. 2016) (quoting *Stout*, 509 F.3d at 800). Because the hearsay accounts of molestation "are bound to be 'more lurid and frankly more interesting' than the dry, technical evidence" in Mr. Ayala's case, there is a significant danger of unfair prejudice. *Id.* (quoting *Hough*, 385 F. App'x at 538). Accordingly, this Court should deny the government's motion to introduce statements made by L.H. to his mother about the alleged abuse. *See id.* (granting motion in limine to exclude evidence of alleged molestation by the defendant's father).

## CONCLUSION

For the reasons stated herein, Mr. Ayala respectfully requests the Court deny the government's motion in limine.

Respectfully requested this 15th day of July, 2020.

G. ALAN DUBOIS
Federal Public Defender

*/s/ Katherine E. Shea*
KATHERINE E. SHEA
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Kat_Shea@fd.org
Member of New York Bar
LR 57.1 Appointed Counsel

7

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

CHARITY WILSON
Assistant U.S. Attorney
United States Attorney's Office
150 Fayetteville Street
Raleigh, NC 27601

CHARLES D. SCHMITZ
Trial Attorney
Criminal Division
United States Department of Justice
1400 New York Avenue, Ste. 600
Washington D.C. 20005

by electronically filing the foregoing with the Clerk of Court on July 15, 2020, using the CM/ECF system which will send notification of such filing to the above.

    This the 15th day of July, 2020.

                                              */s/ Katherine E. Shea*
                                              KATHERINE E. SHEA
                                              Assistant Federal Public Defender
                                              Attorney for Defendant
                                              Office of the Federal Public Defender
                                              150 Fayetteville Street, Suite 450
                                              Raleigh, North Carolina 27601
                                              Telephone: 919-856-4236
                                              Fax: 919-856-4477
                                              E-mail: Kat_Shea@fd.org
                                              Member of New York Bar
                                              LR 57.1 Appointed Counsel