IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cr-4-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| RAUL AYALA, JR. | ) | |

This cause comes before the Court on the government's motion *in limine*. For the reasons discussed below, the motion is granted.

## BACKGROUND

On January 9, 2019, defendant was indicted for production of child pornography (Count One) and possession of child pornography (Count Two). The government filed a superseding indictment on February 6, 2020, and a second superseding indictment on March 5, 2020. The second superseding indictment charges two counts of production of child pornography (Counts One and Two) and one count of possession of child pornography (Count Three).

In an order issued February 10, 2020, the Court denied defendant's motion *in limine* seeking to exclude evidence of defendant's prior molestation of one of the child pornography victims. The Court explained that, at a minimum, the evidence the government sought to admit was relevant to proving the mental state elements of the indicted offenses, which is a permitted use under Federal Rule of Evidence 404(b).

On June 10, the government filed a motion *in limine* to admit three pieces of evidence at trial: (1) the "Made in [country XYZ]" labels of place of origin on defendant's hard drives; (2) evidence of defendant's molestation of other children in the child pornography he allegedly produced and possessed; and (3) evidence of the statements that led to the investigation of

defendant, namely, a victim's conversations with his parents about defendant's abuse. Defendant responded in opposition to the motion and the matter is ripe for ruling.

## DISCUSSION

I.  Labels of place of origin

The government seeks to admit the country of origin labels listed on defendant's hard drives in order to satisfy jurisdictional elements of the charged offenses. The government argues that the labels are self-authenticating trade inscriptions under Federal Rule of Evidence 902(7). Defendant argues that even if these labels are self-authenticating, they constitute hearsay evidence.

"An inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control" is self-authenticating. Fed. R. Evid. 902(7). The country of origin inscriptions on the hard drives clearly fit this definition.

In addition, the inscriptions are not hearsay because they do not fit the definition of "statement" in Rule 801. A "statement" means a "person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). As other courts have correctly held, a country of origin trade inscription is not a statement, but is better conceived of as mechanically created, circumstantial evidence of the country of origin. *E.g.*, *United States v. Alvarez*, 972 F.2d 1000, 1004 (9th Cir. 1992) (overruled on other grounds by *Kawashima v. Mukasey*, 530 F.3d 1111, 1116 (9th Cir.2008)); *United States v. Scott*, 2014 WL 2808802, at *4 (E.D. Va. June 20, 2014).

The Court grants the government's motion *in limine* with respect to the country of origin inscriptions on defendant's hard drives.

II.     Child pornography victim's testimony about defendant's sexual abuse.

At trial, the government intends to show polaroid photographs of multiple child victims. The government seeks to introduce the testimony of one particular victim from the photographs. This victim will testify about the sexual abuse he suffered from defendant. And to the extent necessary, the government seeks to present other evidence and documents to corroborate this victim's testimony. Defendant argues this evidence should be excluded on relevancy and Rule 403 grounds.

As the Court explained in its previous order, evidence of defendant's past acts of sexual abuse—particularly of a victim that is the subject of the child pornography at issue in the indictment—is relevant to proving that defendant knowingly possessed and purposefully produced child pornography. Such evidence tends to show that defendant knew he possessed or had the purpose of producing visual depictions of sexually explicit conduct involving minors. Such evidence of defendant's state of mind is admissible under Rule 404(b).

In addition, the Court does not find that this evidence should be excluded under Rule 403. Evidence may be excluded under Rule 403 when the probative value is *substantially* outweighed by *unfair* prejudice. Here, the probative value is high, and any prejudice is not unfair. Evidence of defendant's abuse of one of the victims in the photographs bears directly on defendant's mental state with respect to that photograph, and whether he acted with the intent to produce visual depictions of sexually explicit conduct involving that victim. This is markedly different from *United States v. Ham*, which defendant cites, where the court of appeals held that the district court erred by admitting evidence of child molestation. 998 F.2d 1247 (4th Cir. 1993). In *Ham*, the evidence of child molestation was brought in by the government only to suggest a possible motive for the murder of an individual who had made public accusations that defendant—a prominent

leader in the New Vrindaban Krishna community—had permitted child molestation to persist in the community. The limited probative value of this speculative motive paled in comparison to the emotional response it was likely to elicit from the jury. Here, the evidence is not offered as speculation of a motive, but goes directly to an element of the charged offense. Accordingly, the Court grants the government's motion with respect to this evidence as well.

III.     Statements that led to the investigation of defendant

The government seeks to introduce statements made by one of the victims to his parents about defendant's alleged abuse. Defendant attempts to exclude these statements as hearsay and under Rule 403.

The government does not seek to use these statements to prove the truth of the matter asserted. Rather, these statements will be offered for a non-hearsay use, namely, to shed light on why the victim's mother called the police. This provides context as to her state of mind and explains why the investigation started in the first place. This context is helpful to the jury, and the statements are not unfairly prejudicial because the Court has already determined that evidence of defendant's sexual abuse of this victim will be admitted.

CONCLUSION

For the foregoing reasons, the government's motion *in limine* [DE 60] is GRANTED.


SO ORDERED, this __*10*__ day of August, 2020.


*Terrence Boyle*

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE