UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CR-04-1-BO

UNITED STATES OF AMERICA          )
                                  )
            v.                    )          THIRD MOTION *IN LIMINE*
                                  )
RAUL AYALA JR.                    )

UNITED STATES THIRD MOTION *IN LIMINE*

The United States of America, by and through the United States Attorney for

the Eastern District of North Carolina, hereby moves *in limine* to exclude:

(1) Any reference to, or questions about, the prior convictions of one
     particular testifying victim witness;

(2) Any reference to other portions of the interview of Raul Ayala not
     admitted at trial;

(3) Any reference to or argument about the potential punishment or
     charging decision in this matter.

The facts related to this motion are set forth in the United States'

previous response to the defendant's motion *in limine* (doc. 42), and the United

States' previous motion *in limine* (doc. 60). The United States will not repeat

those facts here.

The United States has consulted with the defendant about this motion

and the defendant declined to consent to any of these propositions.

## I.    The Court Should Exclude the Prior Convictions of the Testifying
         Victim Witness[1] for Impeachment

---

[1] The identity of the testifying witness is omitted from this document to preserve his anonymity
pursuant to 18 U.S.C. § 3509.

The United States has disclosed to the defendant an NCIC report of the Testifying Victim Witness' (TVW) criminal history. The defendant appears to have some previous convictions, but none are within the last fifteen years, and most are 20 years old or older. The defendant, to date, has provided no notice of his intent to use any of these convictions for impeachment, and the United States will not guess. But the United States nevertheless files this motion *in limine* out of an abundance of caution to exclude all of these convictions in the absence of a disclosure of its intent to use the convictions to impeach.

Federal Rule of Evidence 609 governs admissibility of prior convictions for impeachment of a witness:

> **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
> **(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
> **(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement.
>
> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
> **(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
> **(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

*Id.*

Here, the defendant has failed to indicate any of TVW's convictions that would be admissible for impeachment. With respect to Fed. R. Evid. 609(a), the defendant has failed to identify any conviction sustained within the last year, nor any conviction sustained for a crime involving a "dishonest act." The defendant has also failed to provide notice, pursuant to Fed. R. Evid. 609(b), if its intent to use any convictions that are older than 10 years. See United States v. Beahm, 664 F.2d 414, 417 (4th Cir. 1981) (holding that the Fourth Circuit has "made it crystalline that the District Court was only to depart from the prohibition against the use for impeachment purposes of convictions more than ten years old very rarely and only in exceptional circumstances.") Therefore, the United States moves to exclude all of the TVW's convictions for impeachment purposes. In the alternative, the United States requests the Court to order the defendant not to ask the witness about any of these convictions until a hearing can be held outside the presence of the jury.

## II. The Court Should Exclude Any Omitted Portions of the Defendant's Interview, and any Reference to the Fact that the Interview was Edited.

The defendant in this case made a recorded incriminating statement to police that was approximately 52 minutes long. Largely for time purposes, the United States has edited the statement from 52 minutes to about 20 minutes. The United States has already provided the defendant the edited version of the interview. The United States now moves to exclude the defendant from referencing any of the omitted portions of the statement because, if offered by the defendant, they are self-

serving hearsay. The United States also moves the court to exclude any reference to the fact that the interview was edited, which is the functional equivalent of arguing to the jury that the omitted portions are self-exculpatory.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. FRE 801(c). An "opposing party's" statement is not hearsay, however, *"if offered against the opposing party."* FRE 801(d)(2). Therefore, a defendant's statements are only admissible if the government uses them *against* the defendant. United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir.1996) (holding that the Federal Rules of Evidence do not provide for the admission of "self-serving, exculpatory statements made by a party which are being sought for admission by that same party."); see also United States v. Chiles, 185 F. App'x 301, 304–05 (4th Cir. 2006) (holding that the admission of some recordings by the government did not require the court to admit other recordings that included the defendant's self-serving hearsay). In short, the defendant cannot offer his own statements into evidence because they are hearsay if so offered.

Here, the defendant's statements during the video are admissible against the defendant, but not by the defendant. Therefore, the United States moves the court to exclude the defendant's reference to statements that are omitted from the video. The United States also moves to omit the defendant's reference to the fact that the interview has been omitted, which would be the functional equivalent of asserting that the substance of the omitted portions were self-exculpatory.

## III. The Court Should Exclude Any Reference to the Government's Charging Decision, Potential Punishment in this Case, or the Defendant's Potential Mortality in Prison

Any reference to the government's decision to charge, for example, Production of Child Pornography instead of other crimes, any potential sentence, to include the 15-year mandatory minimum that the defendant might face if convicted, or whether the defendant might "die in prison" are plainly inadmissible. <u>United States v. Meredith</u>, 824 F.2d 1418, 1429 (4th Cir. 1987) (holding a prosecutor had improperly referenced, in closing argument, that judge might sentence a defendant too leniently if convicted of a lesser charge, noting that "unquestionably, comments such as those the prosecutor made about the defendant's possible sentence, standing alone, are improper and may warrant a reversal. The jury must reach its verdict without considering possible sentences; a suggestion that a defendant may receive a light sentence may make the jury willing to convict on weaker evidence than it would otherwise require."); <u>E.g. United States v. Okolo</u>, 998 F.2d 1011 (4th Cir. 1993) (considering the jury instruction "the Court instructs you that punishment under this is exclusively within the province of the Court and you should not consider [it] at all," but holding other jury instructions about the defendant not testifying problematic); ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS § B10.2 ("You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later."); <u>United States v. Cuong Gia Le</u>, 316 F. Supp. 2d 330, 341 (E.D. Va. 2004) ("The jury will certainly understand and be instructed that punishment for convicted noncapital co-defendants is solely a matter for the Court and that the jury should

not consider their punishment in deciding the questions of guilt or innocence of any such defendant.")

Here, when asked, defense counsel did not agree to forgo arguments about punishment. Indeed, if the defendant argues that a potential sentence would be too harsh, the United States certainly would not be permitted to rebut that argument by explaining to the jury the many reasons why a potential maximum sentence would be appropriate for this individual. Those are arguments are appropriate for sentencing, should this case get there – not trial. The United States moves *in limine* to exclude them from trial.

Respectfully submitted, this the 22nd day of April 2021.

G. NORMAN ACKER, III
Acting United States Attorney


BY: /s/ Charity L. Wilson
CHARITY L. WILSON
Assistant United States Attorney
Criminal Division
300 North 3rd Street, Suite 120
Wilmington, NC  28401
Telephone: (910) 769-1228
Fax: (910) 399-6423
charity.wilson@usdoj.gov
N.C. State Bar No. 31584

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this the 22nd day of April, served a copy of the foregoing Third Motion in Limine upon the counsel for the defendant in this action by electronically filing the foregoing with the Clerk of court, using CM/ECF system which will send notification of such filing to:

Katherine Shea
Federal Public Defender
Attorney for Defendant

BY: <u>/s/ Charity L. Wilson</u>
CHARITY L. WILSON
Assistant United States Attorney
Criminal Division
300 North 3rd Street, Suite 120
Wilmington, NC  28401
Telephone: (910) 769-1228
Fax: (910) 399-6423
charity.wilson@usdoj.gov
N.C. State Bar No. 31584